JUNE TERM
1836.

Gordon
v.
The State.

---

### GORDON v. THE STATE.

In an indictment for bearing a challenge to fight a duel, it must appear from the evidence, that the offence of which the prisoner is convicted was committed within the State of Mo. or within the jurisdiction of the court.

ERROR to the Franklin circuit court.

BRYAN MULLANPHY for plaintiff in error.

The defendant William Gordon, insists on the following points, as establishing error in the admission in evidence by the court of the paper purporting to be a letter from James B. Bowlin to James Brotherton:

1st. That the said paper purporting to be a letter, varies from the letter set out in the indictment. The defendant William Gordon, relies upon the following point, as establiseing error in the admission in evidence by the court, of the irritated state of feeling between James B. Bowlin and James Brotherton, at the time at which the letter set forth in the indictment is charged to have been sent. 2nd. That the acts done as charged in the indictment, are all that the State had a right to offer in evidence. The State of feeling between third persons, was no part of the evidence of the State. If in a case of a duel or challenge, the feelings of the principals were not hostile, and the challenge were a joke, that is matter of defence. Then in rebuttal, if at all, the State might have introduced the irritated state of feeling &c.

The Defendant insists upon the following point, as establishing error, in the circuit court's refusing to set aside the verdict of the jury and to grant defendant a new

trial: 1st. That the evidence adduced to the jury, besides the deficiencies and vices already pointed out, was defective in the following points: 1.—There is no evidence of a *scienter*, to wit, of Gordon's knowledge of the contents of the paper, he appears to have handed to James Brotherton. 2. There is no venue proved.— The defendant relies on the following points, as establishing error in the refusal of the court to arrest the judgment. 1. That in the indictment the malice or *scienter* is charged to be at the time of bearing, not delivering the letter and paper writing described in the indictment. 2. That there is no sufficient description in the indictment of the offence charged. 3. The delivery of the challenge is no where charged in the indictment.

Opinion delivered by WASH Judge.

Gordon the plaintiff in error, was indicted in the St. Louis circuit court for bearing a challenge to fight a duel, contrary to the statute &c. The venue was changed to Franklin county, where on a trial in the circuit court, there was a verdict and judgment against Gordon, to reverse which judgment, he now prosecutes his writ of error in this court.

The evidence is all preserved in a bill of exceptions, and the opinion of the circuit court excepted to on sundry questions raised in the progress of the trial. Various errors have been assigned and relied on in argument by the counsel for the plaintiff in error. The only one we shall attempt to dispose of is, "that it is not shewn from the evidence that the offence of which the prisoner is convicted, was committed in the State of Missouri, or within the jurisdiction of the circuit court." This is a fatal error, and the motion for a new trial should have been sustained. The judgment of the circuit court is therefore reversed with costs, and the cause remanded.