Bland *v.* The People.

---

JOHN BLAND, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Sangamon.*

An instrument in writing, in the form of a promissory note, except that the words ."*I promist*" were contained in it, instead of the words "*I promise*," is a promissory note.

Proof that a note was forged by the defendant, and that he attempted to pass it in the county where the suit was brought, is evidence that the forgery was committed in that county, in the absence of other proof where it was forged.

The same rules of construction, in the ascertainment of the character of a contract, and the meaning of the parties to it, prevails in both civil and criminal cases.

The refusal of the Court to give a proper instruction, cannot be assigned for error, where the Court gives others embracing the correct principle of law involved in the instruction asked.

THIS cause was heard in the Court below, at the March term, 1842, before the Hon. Samuel H. Treat and a jury.

J. SHIELDS and J. C. CONKLING, for the plaintiff in error.

(1) 1 Chit. Crim. Law 664; 4 Blac. Com. 375; 13 Johns. 351.

J. LAMBORN, Attorney General, for the defendants in error.

SCATES, Justice, delivered the opinion of the Court:

The plaintiff was indicted in the Sangamon Circuit Court, for forging the following instrument: "Six months after date, I *promist* to pay John Bland, or order, eighty-five dollars, for value received. Sept. 25th, 1841. OWEN PRINTES,

" JOHN S. GORDON."

with intent to defraud them; called in the indictment a promissory note. The plaintiff was tried and convicted, and prosecuted this writ of error to reverse that judgment of conviction. The bill of exceptions states that the defendant objected to the reading of the above instrument in evidence, to sustain the indictment, because it is not a promissory note, as alleged in the indictment, and also on the ground of a variance between it and the one set forth, and that the Court overruled the objection, and permitted it to be read. The plaintiff also asked the Court to instruct the jury, that they must believe, from the evidence, that the forgery was committed in Sangamon county, and that mere evidence of attempting to pass a forged instrument, was not *prima facie* evidence that the forgery was committed in said county. This the Court also refused, and instructed them, that if they believed, from the evidence, that the note was forged by the defendant, and that he attempted to pass it in Sangamon county, that would be evidence that he forged it there, in the absence of other proof where it was forged. This was also excepted to. After verdict, the defendant below moved an arrest, because the instrument in the indictment is not within the statute, for want of sufficient averments that it was within the statute; which motion the Court also overruled, and the defendant excepted. He also moved for a new trial, on the grounds first set out in the bill of exceptions, as stated above, for want of evidence of its being forged in the county of Sangamon, and for want of a copy of it in the indictment. The Court also denied this motion, to which he excepted.

It was proved that the promissors in the note lived in Shelbyville, Illinois, but there was no witness who testified where the forgery was committed. The plaintiff in error assigns five errors:

*First.* The admission of the note in evidence;

*Second.* The refusal of the defendant's instructions;

*Third.* The instruction given, that proof of defendant's forging it, and attempt to pass it in Sangamon, would be evidence that he forged it there;

*Fourth.* Overruling the motion for a new trial; and

*Fifth.* The overruling the motion in arrest.

The objection to the reading of the instrument in evidence, is on the ground of variance, and that it is not a promissory note contemplated by the statute. (1) From examination, we cannot dis-

(1) R. L. 185; Gale's Stat. 211.

cover the variance of a letter between the instrument described in the indictment, and the one set out in the bill of exceptions, and read in evidence. In construing contracts, the law is always anxious to ascertain the true intent and meaning of the parties. (1) Had an action been brought upon this instrument, describing it as a promissory note, and setting it out on the face of the declaration, could the Court, upon demurrer, hold, as is contended here, that it is not a note, but a. memorandum of a past contract by note, merely because the word "*promist*," instead of "*promise*," is in it? The obvious intention and meaning of the parties would be, the then present assumption and undertaking to pay at a future day. We cannot ascribe any other meaning, and give it validity. Such interpretation should always be sought and given, as will sustain the contract; *nam verba debent intelligi cum effectu, ut res magis valeat quam pereat*, (2) and so as not to annul the agreement of the parties. The same rules of construction, in the ascertainment of the character of the contract, and the meaning of the parties, will prevail in civil and criminal cases.

The instrument was properly described as a promissory note. But if the contract had been called by a wrong name, and yet set forth *verbatim et literatim*, the indictment would be good, and the instrument might be read, if it should be such an one on its face, as of which forgery could be committed; misdescription would be otherwise. (3)

Technical exceptions and strict constructions have been established on a variety of points and principles, the reason of which, in the advancement of the criminal justice of society, we are unable to discover, if reason there was. A plain common sense principle, untrammelled by technicalities, niceties, and distinctions, ought to suffice. When an indictment contains a plain, distinct charge of a crime, that any and every one might understand, it ought to be sufficient, and the trial of the merits of the charge should proceed, without question of the mode and language in which it is made. We frequently feel compelled to yield to authoritative adjudications on these points, while it is obvious to every one, and to be regretted, that instead of furthering justice, they facilitate the escape of the guilty. The legislature, in accordance with these views, have passed an act repealing the common law, to a considerable extent, and simplifying the pleadings in indictments. (4) There is no room, however, for their application to this case, as it is plainly a promissory note as described, accurately set forth, and proved by a note corresponding exactly with the averments.

The refusal of the first instructions, unaccompanied with explanatory instructions, would clearly have been error; but in refusing the instructions, the Court gave others, which embrace the

(1) Chit. on Cont. 19 *et seq.*　　　　　(2) Chit. on Cont. 20.
(3) 1 Chit. C. L. 234, note B, 235, and note A, 236-7.
(4) R. L. 207; Gale's Stat. 228.

correct principle of law.    Proof that the plaintiff forged the note, and attempted to pass it in Sangamon county, are facts from which the jury might infer the place of forgery. (1)  It was a question to be left to the jury, whether he forged it where he attempted to pass it, or elsewhere ; and, in the absence of other proof, they would be warranted in saying he had done it where the venue was laid.    It would be difficult ever to prove the venue of such an offence, if the law did not warrant such inferences from established facts.    The Court only instructed that it would be evidence of the fact, without saying what degree, whether positive, conclusive, or *prima facie.* Every legal inference, and every fact or circumstance from which it may be drawn, cannot be less than evidence, in some degree ; and such is the purport and substance of the Court's instructions. The grounds of the motion for a new trial, we have already reviewed.    The facts in the record do not sustain them, as the copy appears to be exact; and the warrantable inference as to the place of forgery, is sustained by the facts.

The indictment appears upon its face both technically and substantially correct, and therefore the last error is not well taken.

It is the opinion of the Court that the judgment be affirmed.

*Judgment affirmed.*