SNYDER
v.
THE STATE.

---

## SNYDER *v.* THE STATE.

An information for retailing spirituous liquor which does not allege a price for which the liquor was sold, is bad on motion to quash.

To convict a defendant of a misdemeanor, it must be proved in what county the offence was committed.

*Saturday,
June 3.*

APPEAL from the *Decatur* Circuit Court.

STUART, J.—*Catharine Snyder* was charged with selling liquor without license. Motion to quash overruled. Trial and conviction.

The Court erred in overruling the motion to quash. The facts set out do not constitute a sale. Price is an essential element in the idea of sale and should be alleged. The same point has been repeatedly held in this Court. *Divine* v. *The State*, 4 Ind. R. 240.

On other grounds, the conviction is wrong. The evidence is all in the record. It does not appear in what county the offence was committed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c. (1).

*J. Gavin*, for the appellant.

(1) The judgment in another case of *Snyder* v. *The State*, was reversed, on ·this day, for the reasons given in this case.