THE STATE OF MISSOURI, Respondent, *v.* PATRICK BURNS, Appellant.

1. *Practice, criminal — Venue — St. Louis county — City of St. Louis.* — In the trial of a criminal for an offense charged to have been committed in the county of St. Louis, if there is evidence to reasonably satisfy the jury that the crime was committed in the city of St. Louis, the venue will be sufficiently established.

2. *Practice, criminal — Crime must be shown to be committed within the county — Question of venue for the jury.* — In criminal trials it must always appear that the offense of which the prisoner is convicted is within the jurisdiction of the court. But the question of venue is always a question of fact, and it may be proved like any other fact. If the evidence raises a violent presumption that the offense for which the prisoner is indicted was committed in the county where he is tried, it is sufficient.

*Appeal from St. Louis Criminal Court.*

*J. Hallum*, for appellant.

The prisoner is charged with committing the offense within the county of St. Louis. The proof shows that it was committed in Mullanphy street, but does not show that this street was in the county of St. Louis. Hence the jurisdiction of the court is not shown. (See Const. U. S., art. I, § 6; Mo. Bill of Rights, art. I, § 18; Ewell v. State, 6 Yerg. 364; Hite v. State, 9 Yerg. 357; Yates v. State, 10 Yerg. 549; 1 Chit. 178; 2 Leach, 637; 2 East, 605; 2 Russ. Crimes, 799–800; Bish. Cr. Law, 552–67, § 8; Rosc. Crim. Ev., tit. Venue, 250–259; 1 Whart. Cr. Law, § 601; Rex v. Crocker, 2 N. P. 87; Anderson v. State, 14 Tex. 533; People v. Slater, 5 Hill, 401; 1 Phil. Ev. 206; Morsley v. State, 7 Blackf. 424; Gordon v. State, 4 Mo. 375.)

*Charles P. Johnson*, for respondent.

The jurisdiction of the Criminal Court extends over the county of St. Louis. (Gen. Stat. 1865, p. 894.) The Legislature has recognized the city of St. Louis as being within the county of St. Louis. (Gen. Stat. 1865, p. 894, § 17; Wagn. Stat. ch. 142, § 15.) It was a question of fact for the jury to determine whether or not the defendant committed the offense as laid

in the indictment, and the instructions of the court presented the issue clearly and perspicuously before them. The rule has been promulgated time and again in the decisions of this court — a rule sustained by extensive and incontrovertible authority — that it will not disturb the verdict of a jury unless manifest injustice and wrong have been done. (State v. Cruise, 16 Mo. 611; State v. Packwood, 26 Mo. 340; Hartt v. Leavenworth, 11 Mo. 629; Campbell v. Hood, 6 Mo. 218; McLean v. Bragg, 30 Mo. 26; State v. Burnside, 37 Mo. 343.)

WAGNER, Judge, delivered the opinion of the court.

The accused was indicted, in connection with Patrick Duffy and Mary Ostermeyer, for murder in the first degree, convicted and sentenced to be executed. No exceptions were taken or saved to any ruling of the court on the trial, and an examination of the record has fully convinced us that the action of the court was entirely proper and unexceptionable. The only point now raised is that the record does not show that the crime was committed in St. Louis county. The witnesses all speak of the murder as taking place on Mullanphy street, but it is not expressly stated anywhere that Mullanphy street is in the county or city of St. Louis.

The indictment avers and charges that the crime was committed in the county of St. Louis, and the court instructed the jury that if they believed and found from the evidence that in the county of St. Louis the defendant did assault and kill Ostermeyer, then they should find him guilty, etc. From this instruction the jury must have found that the killing occurred at the place laid in the indictment. It was a conceded fact in the Criminal Court; the witnesses spoke of the street, and there was a diagram exhibited showing the location of the house and how situated.

The jurisdiction of the Criminal Court extends over the county of St. Louis, and the Legislature has recognized the city of St. Louis as being within the county of St. Louis. If there was evidence to reasonably satisfy the jury that the crime was committed in the city, that was sufficient. In criminal trials it must always be shown that the offense of which the prisoner is convicted

was committed within the jurisdiction of the court. (Gordon v. The State, 4 Mo. 375.)

But the question of venue or jurisdiction is always a question of fact, and may be proved like any other fact. If the evidence raises a violent presumption that the offense for which the prisoner is indicted was committed in the county where he was tried, it is sufficient. (1 Whart. Cr. Law, § 601.) We cannot discover any such error as would justify us in disturbing the verdict.

Judgment affirmed. The other judges concur.