Mr. Justice VanValkenburgh
delivered the opinion of the couxt.
This was 'an. information in similar form for the same offence, “keeping a house of ill-fame for the purposes ofi prostitution and lewdness,” and presented in like manner to the Circuit Court of Escambia county, as the one passed upon at this term of this court in the case of Melissa King vs. The State. The assignments of error are the same, the same questions are raised in both, and they were argued together. The settlement of the questions involved m • the other case determines this.
The only difference arises in the strength and .character of the evidence taken upon the trial.
In this case, as in the other, a motion for a new trial was denied by the court, one of the grounds óf such motion being “that the verdict was not supported! by the evidence,” and the counsel for the defendant insists that .there is no proof of the place where the offence was committed. *55 The only evidence found in the bill of exceptions as to the venue is in the testimony of Charles Grinton. He says “the defendant has lived within two years previous to the last term of this court at the wharf known as Commen-dencia Street Wharf." The information charges that the offence was committed in Escambia county, but there is no evidence to show that fact. There is an entire want of proof- to sustain the allegation in this respect. It is not only necessary to state the county or place m which 'the offence was committed to give jurisdiction, but the proof must sustain the allegation. Green vs. State, 41 Ala., 419; Spaight vs. State, 29 Ib., 32; Seavy vs. State, 4 Tex., 450; Snyder vs. State, 5 Ind., 194; Gordon vs. State, 4 Mo., 375.
Judgment reversed and new trial awarded.