| 71 | 89 |
| 39a | 52 |
| 71 | 89 |
| 107 | 347 |

---

### THE STATE v. MILLER, *Appellant.*

1. **Venue.** The conviction in this case is set aside because there is no evidence in the record to show that the offense was committed within the jurisdiction of the trial court.
2. **Impeachment of Witness: PRACTICE.** When a witness is called to impeach another by proof of general character, a liberal cross-examination touching his means of knowledge should be allowed.

*Appeal from Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

*Tichnor & Warner* and *W. M. Burris* for appellant.

The State v. Miller.

*J. L. Smith*, Attorney-General, for the State.

NORTON, J.—The defendant was indicted at the May term, 1875, of the criminal court of Jackson county, in Kansas City. The indictment contained two counts, in the first of which defendant was charged with grand larceny, and in the second with receiving stolen goods. The cause was tried at the August term, 1878, of the Clay county circuit court, to which it had been transferred by change of venue, and defendant was found not guilty as to the first, and guilty as to the second count, and his punishment assessed at two years imprisonment in the penitentiary. The cause is here by appeal.

While the evidence tends to show that the goods which the defendant is charged with having stolen, and 1. VENUE. with having received, knowing them to be stolen, were taken from the barn of one Everhart, in Kansas City, who was the owner of them, there is a total failure of evidence either showing or tending to show that the goods were received by defendant either in Kansas City or Jackson county. And as there was no evidence tending to show that the offense charged in the second count of the indictment was committed within the jurisdiction of the court, the judgment rendered upon the verdict of the jury must be reversed. Whether this omission occurred from inadvertence in making up the bill of exceptions or the failure of the State to make the proof on the trial, is immaterial. While the evidence tends to show that a part of the stolen goods were found at the " place of business " of defendant, it entirely fails to show where that place of business was. *State v. Meyer*, 64 Mo. 190; *Gordon v. State*, 4 Mo. 375.

This view of the case renders it unnecessary to discuss the other numerous exceptions to the action of the trial 2. IMPEACHMENT OF WITNESS: practice. court, though it may be proper to observe that when a witness is called to impeach another by proof of general character, a liberal cross-exami-

nation touching his means of knowledge should be allowed, and authorities of the highest respectability go to the extent of saying that on such cross-examination it is permissible to inquire of the witness the name of the person whom he has heard speak against the reputation of the witness sought to be impeached, as it may turn out that all the persons from whom he has heard unfavorable reports are personal enemies and sustain such relations to the witness or party whose character is the subject of assailment that but little if any importance should be attached to what they may have said. 1 Greenleaf Ev., § 461; *Weeks v. Hall,* 19 Conn. 376; *Annis v. People,* 13 Mich. 511. Judgment reversed and cause remanded, in which all concur.