THE STATE v. McGINNISS, *Appellant.*

| 74 | 245 |
|----|-----|
| 106 | 185 |
| 74 | 245 |
| 111 | 577 |

**Criminal Law:** WANT OF PROOF OF VENUE. A conviction cannot be sustained in the entire absence of evidence, direct or circumstantial, that the offense charged was committed in the county specified in the indictment.

*Appeal from Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

Indictment for burglariously entering the house of Hugh Scudder, in Clay county, with intent to kill Scudder. The evidence given at the trial tended to show that defendant's wife was the sister of Scudder, and in the event of Scudder's death would have inherited half his property; that defendant proposed to one Brockman that they should kill Scudder so that defendant's wife might get the property ; that Brockman reported the matter to the sheriff of Clay county, who advised him to seem to accede to the proposal, and to go with defendant; that Brockman then arranged with defendant what pay he was to get, and the two went to Scudder's house at night and entered, where defendant was arrested by the sheriff, who, with a posse, was concealed in the house. Scudder testified that at the time of the trial he lived in Clay county, but there was no testimony to show in what county the house was situated which was entered, nor any other evidence of the venue of the offense, at least so far as the record brought to this court showed. An instruction given by the court required the jury to find that the house was in Clay county before they could convict, and there was verdict of guilty.

*W. H. Woodson* and *Samuel Hardwick* for appellant.

*D. H. McIntyre.* Attorney General, for the State, conceded that the case would have to be reversed for want of proof of the venue.

SHERWOOD, C. J.—We must reverse the judgment rendered herein, because it was not established at the trial, or what amounts to the same thing, the bill of exceptions does not show, that the crime of which the defendant was convicted, was committed within the limits of Clay county. *Gordon v. State*, 4 Mo. 375; *State v. Meyer*, 64 Mo. 190; *State v. Miller*, 71 Mo. 89; *State v. Hughes*, 71 Mo. 633. There are but two cases in our reports where a conviction has been upheld by this court, (*State v. Burns*, 48 Mo. 438; *State v. West*, 69 Mo. 401,) without direct proof that the offense charged was committed in the county specified in the indictment. But in those cases equivalent proof was introduced; proof of facts was made from which it necessarily appeared that the offense was committed within the county. ·Proof of the venue as laid in the indictment, like any other material allegation, needs not be established by express and positive testimony, but it is sufficient if the circumstances in evidence tend to the conclusion, in a manner satisfactory to the jury, that the place of the crime corresponds with that set forth in the indictment. The rulings of courts of other states accord with our own in the particular mentioned. As supporting the theory of the two cases just cited, that inferential evidence will suffice to establish the *locus delicti*, see *Bland v. People*, 4 Ill. 364; *People v. Manning*, 48 Cal. 335; *State v. Calvin*, R. M. Charlton 142; *Comm. v. Costley*, 118 Mass. 3; *Beavers v. State*, 58 Ind. 530. As supporting the view that the venue as laid must be shown by the evidence to be within the proper jurisdiction, or else the conviction will not stand, see *Stazey v. State*, 58 Ind. 514; *Baker v. State*, 34 Ind. 104; *Jackson v. State*, 19 Ind. 312; *Mullinix v. State*, 43 Ind. 511; *Larkin v. People*, 61 Barb. 226; *Ewell v. State*, 6 Yerg. 364; *Hite v. State*, 9 Yerg. 357; *Yates v. State*, 10 Yerg. 549; *People v. Parks*, 44 Cal. 105; *People v. Bevans*, 52 Cal. 470. It is scarcely necessary to say that this was the rule at common law. 2 Russ. Cr., 799, 800; 1 Chit. Crim. L., 556; Whart. Cr. Ev., § 107; Whart. Cr. L., § 601. But here there is

an entire absence of testimony either direct or circumstantial to establish the place of the offense, so that, as announced at the outset, a reversal must needs occur. As this is so, we have not thought best to consider the case on its merits, since it may not be presented in the same shape again. Judgment reversed and cause remanded. All concur, except NORTON, J., absent.