STATE OF MISSOURI, Respondent, v. JOSEPH RUTH, Appellant.

October 23, 1883.

1. VENUE. — The question of venue in a criminal case is to be proved as any other fact.

2. —— EVIDENCE. — The venue being laid in St. Louis, proof that the crime was committed on a certain street is sufficient to support a finding that the offence was committed in St. Louis.

APPEAL from the St. Louis Court of Criminal Correction, CADY, J.

*Affirmed.*

J. G. LODGE, for the appellant.

M. W. HOGAN, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The defendant was convicted of petit larceny in the St. Louis Court of Criminal Correction. The information charges defendant with stealing a coat worth $25, and alleges that the offence was committed in the city of St. Louis. There was testimony tending to show that on the day named in the information, the prosecuting witness hung his coat on the rack in the hall of his boarding house, No. 1203 Washington Avenue, when he went to supper; that, when he came out from supper, the coat was gone; that the prosecuting witness, at half-past seven of the same evening, saw defendant in a second-hand shop on Christy Avenue, between Seventh and Eighth Streets, with the coat in his hand; that defendant ran away, and threw down the coat in his flight, having escaped from the prosecuting witness, who attempted to arrest him. The cause was tried by the court, which found defendant guilty of the charge.

The venue is laid in the city of St. Louis, and it is contended that there is no testimony tending to prove the venue, or that the offence was committed within the jurisdiction of the court.

It is true that no witness says in so many words that the offence was committed in the city of St. Louis. But this is not necessary. It is enough if the testimony was such as ought to have satisfied the trier of the fact that the place of the offence was that laid in the information. *The State* v. *McGinniss*, 74 Mo. 245; *The State* v. *West*, 69 Mo. 404. The case is not like *The State* v. *McGinniss* (*supra*), where the evidence was that the prosecuting witness lived in Clay County at the date of the trial, but there was nothing to show that he lived there at the date of the burglary, the venue being laid

in Clay County, and the offence charged being a burglary at the house of the witness. The case rather resembles *The State* v. *Burns* (48 Mo. 438). The supreme court in that case sustained a conviction for murder in the first degree. The venue was laid in St. Louis County. The testimony was, that the homicide was committed on Mullanphy Street, but it was no where said that Mullanphy Street was in the city or in the county of St. Louis. A diagram of the locality was introduced, but it does not appear that that was marked as being in the city of St. Louis. In that case, as in the case at bar, it was rather taken for granted than shown by direct evidence, that the street of the offence was a street of the city in which the accused was tried. In neither case could there be any doubt on the minds of the triers of the fact, or of the judges of the appellate court that the streets spoken of by the witnesses were St. Louis streets. We will not take judicial notice of all the streets of the city in which this court holds its sessions. But we need have no difficulty in judicially recognizing the fact that Washington Avenue, Morgan Street and Christy Avenue are old, established, and well known streets of St. Louis, — the city in which we sit as a court, — and that this knowledge prevails generally throughout the city, and must have been possessed by the trier of the fact in the present case. There can be no doubt from the evidence that the offence spoken of by the witnesses is spoken of as having been committed in the city of St. Louis, though they do not expressly name the town.

We have read through the testimony, and are of opinion that it warrants the conviction.

Our attention is called to nothing in the record that warrants a reversal of the judgment. It is therefore affirmed, with the concurrence of all the judges.