**Richmond.**

RICHARDSON V. THE COMMONWEALTH.

JANUARY 15th, 1885.

1. CRIMINAL PROCEEDINGS—*Venue.*—Indictment not sustained without proof that offence was committed in county wherein venue is laid; but a strong presumption thereof raised by the evidence suffices.

Error to judgment of circuit court of Henry county, on an indictment against B. F. Richardson for the murder of Albert Richardson. The jury found accused guilty of voluntary manslaughter, and fixed his term of imprisonment in the penitentiary at five years. Prisoner's motion that the verdict be set aside and a new trial awarded him being overruled, the court entered judgment according to the verdict. To which the prisoner excepted, and obtained from one of the judges of this court a writ of error and *supersedeas.*

*Wm. M. Peyton*, for the prisoner.

*Attorney-General F. S. Blair*, for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

Of the various errors assigned it is necessary to notice one only, namely—the refusal of the circuit court to set aside the verdict and grant the prisoner a new trial.

The offence is alleged in the indictment to have been committed in the county of Henry; but, as appears from the cer-

tificate of facts proven, no proof as to the venue was submitted to the jury. The motion for a new trial ought, therefore, to have been granted. An indictment cannot be sustained without proof that the offence was committed in the county where the venue is laid. 2 East's P. C. 992; 1 Chitt. Crim. Law, 557; *Gordon* v. *The State*, 4 Mo. 375; *Brown* v. *The State*, 27 Ala. 47; *Holeman* v. *The State*, 13 Ark. 105; *Ewell* v. *The State*, 6 Yerger, 364.

It has been held, however, that if the evidence raises a violent presumption that the offence was committed in the county mentioned in the indictment, it will be sufficient. *The State* v. *Burns*, 48 Mo. 438. In that case the prisoner was indicted for murder alleged to have been committed in the county of St. Louis. At the trial the witnesses all spoke of the crime as having been committed on a certain street, and a diagram was exhibited showing the location of the house; but it was not expressly stated that the street was in the city of St. Louis. The court instructed the jury that if they believed from the evidence that the prisoner killed the deceased in the county of St. Louis, then they should find him guilty, etc. He was convicted and sentenced to be executed, and on appeal the judgment was affirmed. See also 1 Whart. Crim. Law, sec. 601; 1 Bishop's Crim. Proc., sec. 107. But as no such presumption is raised by the evidence in the present case, the judgment must be reversed, and the case remanded for a new trial.

JUDGMENT REVERSED.