The State v. Hill.

THE STATE v. HILL, *Appellant.*

1. Criminal Practice: VENUE, HOW PROVED. In a criminal case, it is not necessary that the venue be proved by direct and positive evidence. It is sufficient if it can be reasonably inferred from the facts and circumstances proved.

2. ————: IDENTITY OF STOLEN PROPERTY. The evidence in this case examined and *held* that the court committed no error in submitting to the jury the question whether the mules found in defendant's possession were stolen or not.

*Appeal from Saline Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*Boyd & Sebree* for appellant.

The demurrer to the evidence should have been sustained. *State v. Daubert*, 42 Mo. 245.

*B. G. Boone*, Attorney General, and *A. F. Rector*, Prosecuting Attorney, for the State.

BRACE, J.—At the September term, 1887, of the criminal court of Saline county, the defendant was convicted of grand larceny on an indictment charging him with having stolen a pair of black mare mules from one John J. Hardin in said county. An examination of the record discloses that the case was in its details well tried, and the only ground urged by counsel here for a reversal is, that the verdict is not supported by the evidence, and defendant's demurrer thereto, and his instruction to acquit should have been given.

I. The first defect pointed out is the alleged failure by the state to prove the venue as laid in Saline county. Hardin, the owner of the mules, testified that, at the time the mules were stolen, he was living in Saline county, Missouri, northwest of Slater; that the weather was fair, and that he had been ploughing with the mules; that they were taken right from the plow and put into the barn about sundown, and that between that time and eleven o'clock that night, they were stolen from the barn. From this evidence, the jury might reasonably infer that the barn was in Saline county. It is not necessary that the venue be proved by direct and positive evidence. It is sufficient if it can be reasonably inferred from the facts and circumstances proven. *State v. Burns*, 48 Mo. 438.

II. It was satisfactorily proved by the state that the mules were stolen on the night of the eighteenth of May, in Saline county; that they were the property of Hardin, as charged in the indictment; that on Sunday, the twenty-ninth of May, the defendant came to a wagon-yard on Twelfth and Olive streets in the city of St. Louis, in a buggy hitched to a span of black mare mules answering the description as to sex, age, size, form, color, and as to a mark on one

and a brand on the other of the mules stolen; that he stayed there with the mules until the evening of the thirtieth, when he sold them to a man named Julian, who afterwards sold them to a man named Hill, who took them to St. Paul, after which no trace of the mules was found; that the defendant asked two hundred and thirty-five dollars, but took one hundred and seventy-five dollars for them; that upon the same day he sold the mules, he shipped the buggy and harness to Brownsville in Saline county, where they arrived on the first of June; that this was defendant's buggy and that on the third of June he came for it and took it away.

The defendant undertook to give no account of his possession of the mules he sold, saying to the sheriff who arrested him, "I guess you must be mistaken in the man. I was at home at that time. I haven't been out of the county except on the first of June when I went to Sedalia," but his counsel say they were not sufficiently identified as the mules stolen. Two witnesses testified to the description of the mules stolen, Hardin the owner who raised one of them, and his near neighbor Smith from whom he bought the other. They agreed in their description. Three witnesses testified as to the description of the mules sold, all of whom were acquainted with Hill, but neither of whom had ever seen Hardin's mules before they were stolen, Julian who bought the mules from Hill, McGary to whom he priced them at two hundred and thirty-five dollars, and Wentler, the yardmaster where Hill kept them until they were sold.

It is claimed that the description given by the latter three differs in these three particulars from that given by the two former witnesses: (a) Hardin in testifying about the mule he raised, said she was not so dark as the Smith mule; "she had a little light on her nose, a mealy nose;" the Smith mule was darker, with a darker nose. Smith testified that the Smith mule's nose was brown, the other a little lighter color, but they

made good matches.   The witnesses who testified as to
the mules sold, gave the same general description of
their color as that given by Hardin and Smith, but their
attention was not directed specially to any shade of dif-
ference that might have existed in the color of their
noses, and they said nothing on that subject; (*b*)   Har-
din testified that the mule he raised was the larger
mule, and that she had a small slit about half an inch
long in one of her ears near the top or point, he was not
certain in which ear ; was under the impression then that
it was in the left ear ; but in the card offering a reward,
issued directly after the mules were stolen, he described
it as in the right ear.   McGary testified that the largest
of the two mules the defendant sold had a slit in the
point of one of her ears ; he thought it was the right
ear, it might have been an inch or an inch and a half
long, he was not certain, was not nearer than three feet.
This mark corresponds in the testimony of each as to
the mule it was upon, its character and location on the
ear, but is not certain in the testimony of either as to
its exact size or which ear it was upon ; (*c*)   Hardin and
Smith testified that the Smith mule had Smith's brand
on the left hip, which was the letter L.   Smith, who
branded her, testified, " when I branded her she was wild,
and the brand slipped and made a scar that looked a
little like a figure 6, but a man who knew the brand
would take it for a letter L."   Julian testified that one
of the mules defendant sold was branded on the left
hip and gave a description of the brand, corresponding
very well with that given by Hardin and Smith, so well
that little doubt that they were testifying about the same
brand can be entertained.   The peculiarity of this mark
caused by the slipping of the branding iron, making a
figure something like a horse-shoe standing on its toe,
the open part up, the left side a little longer than the
other, and the right near the end curving a little towards
the left, and which was neither a letter L, O, U, nor a
figure 6, but might be taken for either as described by the

witnesses, while making the brand difficult of description, furnishes very strong eveidence, by reason of its peculiarity, that the mule with such a brand on it that was sold by the defendant was the stolen mule that was thus branded.

This evidence we think was sufficient to warrant the court in submitting the question to the jury whether the mules sold were not the identical mules stolen, under an instruction which told them they could not convict unless they so found beyond a reasonable doubt, and in giving the hypothetical instruction given in this case as to the presumption arising from the recent possession of stolen property, and in connection with the other facts and circumstances proven in the case which it is not necessary to set out in detail, is sufficient to support the verdict.

The judgment is therefore affirmed. All concur except RAY, J., absent.