## WILSON v. STATE.

Opinion delivered June 27, 1896.

CRIMINAL LAW—VENUE—PROOF.—It is sufficient in a criminal case for the state to prove the venue by a preponderance of the evidence.

Appeal from Greene Circuit Court.

FELIX G. TAYLOR, Judge.

### STATEMENT BY THE COURT.

The appellant was indicted for assault and battery, alleged to have been committed in Greene county, was convicted, and appealed to this court. The evidence tends to show that the offense was committed on Lower White Oak Island, and that this island is in the St. Francis river, and that the river is the boundary between Craighead and Greene counties. Instructions were given by the court and excepted to by the defendant, but the giving of them was not made grounds of the motion for new trial. According to the rulings of this court, the exceptions were waived by failure to make them grounds of the motion for a new trial, and are not before us for consideration. The appellant asked the court to give to the jury the following instruction, to-wit: "Second. The jury are instructed that, before they can find the defendant guilty, they must find, beyond a reasonable doubt, that the crime, if any, was committed in Greene county, Arkansas." The court refused to give this instruction, to which the defendant excepted, filed a motion for a new trial, making the refusal to give this instruction a ground of his motion, which was overruled, whereupon he appealed to this court. There was conflict in the evidence, some of which tended to show the offense was committed in Greene

county, while some of the evidence tended to show that it was committed in Craighead county.

The appellant, *pro se.*

1.   The court erred in refusing to instruct the jury to acquit unless they found from the evidence that the crime was committed in Greene county.   The venue must be proved.   30 Ark. 41; 23 *id.* 156; 9 So. 652; 42 La. An. 316; 56 Ark. 242; 53 *id.* 46; 18 S. W. 923.

2.   The fact that the first husband of the state's witness worked the road, etc., in Greene county creates no presumption that Lower White Oak Island is in Greene county.   17 S. W. 3.

3.   There was no uncertainty as to venue.   The crime, if any, was committed in Craighead county.   54 Ark. 371.

*E. B. Kinsworthy*, Attorney General, for appellee.

The island is in the St. Francis river, which is the line between Greene and Craighead counties.   It has not been surveyed, nor the line established.   The boundary is thus uncertain, and the venue may be laid in either county.   Sand. & H. Dig., sec. 1938.   This section is not unconstitutional.   23 Ark. 156; 54 *id.* 371.   When a river is the boundary, the criminal jurisdiction of each county shall embrace offenses committed on the river or any island thereof.   Sand. & H. Dig., sec. 1943; 35 Iowa, 199; 46 Mo. 350.

HUGHES, J., (after stating the facts).   Was there error in the court's refusal to instruct the jury that, unless the venue was proved beyond a reasonable doubt, the defendant could not be convicted?   Upon this question there is diversity of judicial opinion, and it may be that a majority in number of the rulings are that the venue must be proved beyond a reasonable doubt. Bishop, in the first volume of his New Criminal Procedure, section 384, 2, says: "As in other issues, the

proof is not required to be delivered in the words of the indictment.    Any ordinary evidence suffices which in fact leads the jury to the conclusion, beyond, it is perhaps commonly assumed, a reasonable doubt.    But we have some authority for saying that the doctrine of reasonable doubt does not extend to this issue, being only jurisdictional,"—citing *Cox* v. *State*, 28 Tex. App. 92; *Achterberg* v. *State*, 8 Tex. App. 463; *Hoffman* v. *State*, 12 Tex. App. 406, 407.    To which we add:    *Richardson* v. *Commonwealth*, 80 Va. 124; *Andrews* v. *State*, 21 Fla. 598; *State* v. *Dent*, 6 Rich. (S. C.) 383.    We believe that this is the more reasonable view of this question, as the question of venue is a question affecting · only the jurisdiction of the court, and does not in fact affect the question of the defendant's guilt.

The venue must be proved, but the question is whether it must be proved beyond a reasonable doubt, or by a preponderance of the evidence only.    As Bishop says, it is often, and perhaps generally, *assumed* that it must be proved beyond a reasonable doubt, but we see no reason in this assumption.    To hold that it may be proved by a preponderance of the evidence, and that the doctrine of reasonable doubt has no application where the quantum of proof required to show the venue in a criminal case is involved, deprives the defendant of no right, for it is only his guilt that is required to be proved beyond a reasonable doubt.    We are of the opinion that it is sufficient in a criminal prosecution to prove the venue by a preponderance of evidence only.    There was no error in the court's refusal to give the instruction No. 2 asked by the defendant.    The judgment is affirmed.