## ADAMS v. STATE.

### Opinion delivered October 2, 1911.

1. VENUE—CIRCUMSTANTIAL EVIDENCE.—Proof that a yearling cow belonging to the prosecuting witness in a prosecution for its theft was killed in the county and was found in defendant's possession in such county, is sufficient proof of the venue. (Page 206.)

2. NEW TRIAL—SURPRISE.—Where a party is surprised at the trial by testimony which he knows to be false, he should ask for a suspension of the trial to enable him to meet such evidence; and if he goes to trial, taking the chances of acquittal, he can not ask for a new trial. (Page 206.)

3. SAME—NEW EVIDENCE.—It is not an abuse of discretion to refuse a new trial for newly discovered evidence that is merely cumulative. (Page 206.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*S. J. Hunt* and *A. T. Whitelaw,* for appellant.

1.  The venue in a criminal case is jurisdictional and must be proved, and without such proof a conviction cannot be had.   77 Ark. 19;  58 Ark. 390;  68 Ark. 242;  91 Ark. 492; 67 Ark. 512.

2.  The alleged confession detailed to the jury by the witness Forrest was a complete surprise to the defendant. After the trial he learned of eight witnesses by whom he could prove that he was not in Jefferson County where the confession was alleged to have been made, but was in fact in Woodruff County, and had been for several months.   The court erred in refusing a new trial on the ground of newly discovered evidence and to prevent a miscarriage of justice. Kirby's Dig. § 2422, subdiv. 7;  66 Ark. 612;  17 Ark. 404; 2 Ark. 133;  13 Ark. 361;  28 Ark. 131;  33 Ark. 180-186;  38 Ark. 498;  41 Ark. 229;  54 Ark. 364.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

This court will not reverse for failure to grant a new trial on account of newly discovered evidence, where such evidence is merely cumulative in its nature and impeaching in character. 91 Ark. 492;  17 Ark. 404;  28 Ark. 531;  38 Ark. 498;  39 Ark. 221;  40 Ark. 445;  45 Ark. 328;  55 Ark. 324;  66 Ark. 523; 77 Ark. 404.

KIRBY, J.   Lynn Adams was indicted for grand larceny at the September, 1908, term of Jefferson Circuit Court, and, after several continuances of the cause, was convicted at the March term, 1911, and appealed from the judgment.

It is contended that the venue of the crime was not proved, that the evidence is not sufficient to sustain the verdict, and that the court erred in refusing to grant a new trial for newly-discovered evidence.   The testimony tended to show that John Forrest lived on the Haywood place in Jefferson County in 1908, and had a cow and heifer yearling over there.   The yearling was marked.   He heard one Sunday morning in the fall of that year that the heifer had been killed on Friday before, and went and examined part of the carcass, the hide,

head, neck and shoulders, and identified it as his property. A search of the houses of Austin Griffith and appellant discovered pieces of fresh beef in each—in Griffith's the hind quarter with most of the meat gone, and in appellant's about 15 lbs. of meat cut from the hind quarter. The bones were split, and the bones of the two pieces of meat fitted each other, and all belonged to the same quarter. The quarter was small, and would have weighed about 50 lbs. The meat in appellant's house was found in a barrel in a side room.

Forrest testified that about a year after appellant was arrested, and after he had run off and forfeited his bail, "he came back, and that he saw him on Austin Griffith's front porch playing cards on Sunday morning, and appellant told him he would not have killed his yearling if he had known it belonged to him (Forrest), and if witness had come to him, instead of having him arrested, he would have paid him $50, rather than gone to trial about it, but that now he would get nothing."

Watt Strickland testified that, after appellant had been arrested and released on bond, he came to his house, and, not finding him, met him in the road, and said: "Well, they have me arrested about stealing a beef, and are going to have my trial. Will you say that I got the beef from you?" I said: "I don't know, Lynn." He and I talked a few minutes, and I said: "Yes, I will say it if it will do you any good." He stated further that on the day of the trial appellant's attorney asked him if he was going to swear that Lynn got the beef from him, and he replied: "No, I can't do that." The attorney said: "Why, it is not going to hurt you?" and I said: "I just naturally can't do it, and won't do it." And, further, that he did not sell Lynn Adams any beef on the Saturday before the Sunday on which the meat was discovered in his house.

Appellant denied that he killed the yearling, claiming that he bought the beef found in his house Sunday from a negro peddler, whom he had never seen before or since, on the Saturday evening before; denied having had any conversation with Watt Strickland; said he stayed around Haywood for two or three months after his arrest and release, and then went to his brother's in Woodruff County, not knowing that he was on bond, saying: "I asked Mr. Willey about the case, and he said: 'What did your lawyers tell you?' and I told him they told

me to go on home.  He said 'Well, if they want you, they will send for you.'"  Also that he gave his cotton crop away, and moved to Cotton Plant in Woodruff County in 1908 before Christmas, and stayed there until September, 1910; and, continuing: "I heard what Mr. John Forrest had to say this morning in regard to a conversation I had with him, and in response will say that I have not said two words to him since he had me arrested.  I have not been in the sound of his voice before now since he had me arrested, * * * nor have I seen Mr. Forrest from the time I left the Haywood place in 1908 until this morning at the trial of this case."

Liza Johnson testified that she lived with Lynn Adams on the Haywood place in 1908 before he was arrested for killing the yearling;  that he bought the beef found in his house at the time of the search from a peddler passing in a wagon Saturday evening;  that he never had bought any beef from that man before nor after that day;  that she did not know the man and paid no attention to his team.

Jeff Adams, appellant's brother, testified that Lynn lived in Woodruff County in 1909 and part of 1910, "up until last winter."  That he did not come back during that time to Jefferson County or Haywood plantation, so far as he knew, and "I suppose he could have gone without slipping off and without my knowing it."

The evidence establishes the venue (*Douglass* v. *State*, 91 Ark. 495), and is sufficient to sustain the verdict.

Neither did the court err in refusing to grant a new trial for the newly discovered evidence.  If appellant was surprised at the statement of the witness Forrest of the conversation he claimed to have had with him, he should have asked that the proceedings be suspended and the case continued, giving him an opportunity to meet it.  He did not do this, and, knowing the truth or falsity of the statement when it was made, elected to go to trial on his own and his brother's testimony contradicting it and take his chances of an acquittal. Having done so and lost, he can not expect a rehearing on that account.  *Mutual Life Insurance Company* v. *Parrish*, 66 Ark. 620.

The alleged newly-discovered evidence was shown by the affidavits to be statements of various persons in Woodruff

County that appellant lived there during the year 1909 and until the fall of 1910, and was not in Jefferson County during that time, and was cumulative to his own and his brother's testimony, its effect being to contradict the testimony of the State's witness, Forrest, and impeach him. The court did not abuse its discretion in refusing a new trial on account of it. *Douglass* v. *State*, 91 Ark. 492.

The judgment is affirmed.