## LINVILLE *v.* STATE.

### Opinion delivered May 14, 1917.

CRIMINAL LAW—ABANDONMENT AND NON-SUPPORT OF WIFE AND CHILD—
    DEGREE OF PROOF—MARRIAGE.—Defendant was indicted for the
    abandonment and non-support of his wife and child. *Held,* under
    the statute, Act 52, § 2, Acts 1909, that the marriage between defendant and his alleged wife may be proved by a preponderance of the
    testimony, but that whether he abandoned and refused to support
    them must be proved beyond a reasonable doubt.

Appeal from Sevier Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence is sufficient and the fact of marriage was proven. The abandonment was also shown. Act 52, Acts 1909, § 2. The finding of the jury is conclusive as the evidence was contradictory.

McCULLOCH, C. J. The charge against appellant is that of abandonment and nonsupport of his wife and child, and in the motion for new trial he assigns as error the insufficiency of the evidence to support the verdict and alleges error of the court in its instructions to the jury concerning the degree of proof to sustain the marriage.

So far as concerns the first assignment, it is clear that the evidence was sufficient to sustain the verdict of the jury. There is a sharp conflict in the testimony as to whether or not there was a marriage between the parties and whether there was a wilful abandonment and refusal to support, but the weight of the evidence was a matter within the province of the jury, and we can not say that there was not enough evidence to support the verdict.

The court in its instruction told the jury that "it is not necessary to find, beyond a reasonable doubt, the fact that this man and woman were married. The statute says there is no more proof required than in a civil case, which is by a preponderance of the testimony. If you find from a preponderance of the testimony that this man and woman are married and then find, beyond a reasonable doubt, that he wilfully abandoned his wife without good cause and refused and failed to support her, then you will find him guilty." The charge involved a statutory offense and the statute which created the offense contains the following provision:

"No other evidence shall be required to prove that such husband was married to such wife, or is the father of such child or children, than would be necessary to prove such fact or facts in civil action." Act 52 of Acts of Arkansas of 1909, section 2.

The trial court construed this statute to mean that in the trial of cases upon this charge the rule of evidence as to reasonable doubt is changed, and that it only de-

volved on the State to prove the marriage by a preponderance of the evidence according to the rule in civil cases. Such, evidently was the purpose of the lawmakers in undertaking to provide a special rule of evidence for this class of cases, and we think the court was correct in its interpretation. Unless it means what the court declared, then there is little meaning to be found in it, for the rules of evidence in criminal cases are, with very few exceptions, similar to those in civil cases, the principal exception being the burden upon the State to prove the material allegations in the indictment beyond a reasonable doubt. Kirby's Digest, § 2387. The words "than would be necessary to prove such a fact" indicate that the law-makers were dealing with the degree of proof rather than its character, and when viewed in that light it necessarily leads to the construction that the statute was meant to relax the degree of proof as to that element of the offense, and to require the State only to prove the marriage by a preponderance of the evidence as in civil cases. There is nothing in the Constitution which restricts the powers of the Legislature over this subject, and the reasonable doubt as announced in our statute (Kirby's Digest, § 2387) is merely declaratory of the common-law rule of evidence on the subject. We do not think the statute under discussion is in conflict with the former statute declaring the common-law rule of reasonable doubt, but if it were to be so treated, it being the last expression of the legislative will, it would operate as an amendment to that extent of the former statute. It is not essential that everything involved in the consideration of a criminal case must be established beyond a reasonable doubt, for it is only necessary that the guilt of the accused be proved beyond a reasonable doubt. The venue in a criminal case may be proved by a mere preponderance of the evidence. *Wilson* v. *State,* 62 Ark. 497.

No other error of the court is assigned, and it follows that the judgment must be affirmed. It is so ordered.