WALKER *v.* STATE.

Opinion delivered June 30, 1930.

*Wils Davis* and *A. B. Caplinger,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

HART, C. J.  Willie Walker was convicted of murder in the first degree, charged to have been committed by killing Lena Walsh in Poinsett County, Arkansas, and his punishment was fixed by the jury at life imprisonment in the State Penitentiary.  From the judgment rendered upon the verdict the defendant has appealed.

It is first insisted that the evidence is not legally sufficient to support the verdict.  The record shows that about 12:00 o'clock noon on December 12, 1929, the dead body of a woman was found a short distance from the Black Oak Road in Poinsett County between Marked Tree in Poinsett County and Earle in Crittenden County.  The body was found about one hundred yards inside of the Poinsett County line.  It was carried to an undertaking establishment at Marked Tree and kept there for forty-two days, during which time it was identified as the body of Lena Walsh by nine different persons including relatives, friends and acquaintances.  There were four bullet holes in the right side of the body and one in the arm which caused a flesh wound.  The bullets were from a thirty-two calibre pistol.  The woman's head was beaten into a pulp—looked like nail holes.  The clothing was power burned.

One witness who lived close to the end of the bridge across St. Francis River at Marked Tree testified that she was awakened at about 10:30 o'clock on the night of December 11, 1929, by the cries and moanings of a woman.  Witness located the noise between her house and the river bank.  She judged that the cries came from about two city blocks away.  Other witnesses testified that at about the same hour on the same night they heard four or five pistol shots over in the direction of the river from Marked Tree.  The inquest showed that the deceased had been shot four times.  On the next day after the body was found, two little boys while playing under the bridge at Marked Tree found a woman's hat, wrap and a pistol

wrapped up together. They were found in Poinsett County, Arkansas. It is about six miles from Marked Tree to the Crittenden County line. Another witness found the tip end of a pistol hammer in the cuff of the coat belonging to the dead woman. The hammers were broken from the pistol found by the boys and the tip end of the pistol hammer found in the cuff of the coat of the dead woman fitted on to the pistol. Another witness who had lent a pistol to the defendant a few days before the dead body was found testified that the pistol exhibited to him which had been found by the boys under the bridge looked like the pistol he had lent to the defendant.

The night marshal at Marked Tree testified that he had sold the defendant some gasoline about 4:00 o'clock on the morning of December 12, 1929, and that the defendant was driving a Studebaker sedan. Another witness testified that he ran a gasoline station at Wynne, Arkansas, and that the defendant, on the evening of December 11, 1929, bought gasoline from him and that at that time he was driving a Studebaker sedan.

Some time during the latter part of October, 1929, Lena Walsh bought a Studebaker sedan in Little Rock for $1,385, and at the time she was killed she owed a balance of $1,010 on the car. A day or two after the killing the defendant went to a cleaning plant in Greenville, Mississippi, and had a suit of clothes cleaned. There was blood on the left sleeve and front of the coat and on the left leg of the trousers. Later on the defendant was arrested in Arizona with a Studebaker sedan in his possession which had belonged to the deceased. The car was identified by several witnesses who worked at the place where the car was sold. The car was covered with mud and had several blood splotches on the inside of it when the defendant was arrested.

The defense of the defendant was that of an alibi, and he introduced evidence tending to support it. The evidence for the State tended to show that the deceased was brutally murdered by some one and the attendant circumstances warranted the jury in finding that the defend-

ant was the guilty person. *Hogue* v. *State*, 93 Ark. 316, 124 S. W. 783; *Culbreath* v. *State*, 96 Ark. 177, 131 S. W. 676; *Davidson* v. *State*, 108 Ark. 191, 158 S. W. 1103, Ann. Cas. 1915B, 436; *Tillman* v. *State*, 112 Ark. 236, 166 S. W. 582; and *Weldon* v. *State*, 168 Ark. 534, 270 S. W. 968.

It is earnestly insisted by counsel for the defendant that the evidence is not legally sufficient to support the verdict on the ground that the venue of the crime was not proved. Venue may be established like any other fact, and it is not necessary that there should be direct evidence that the offense was committed in the county charged in the indictment. It is sufficient, if, from all the facts and circumstances introduced in evidence, such conclusion may be fairly and reasonably inferred. *Wilson* v. *State*, 62 Ark. 497, 36 S. W. 842, 54 Am. St. Rep. 303; *Nichols* v. *State*, 102 Ark. 266, 143 S. W. 1071; *Cranford* v. *State*, 130 Ark. 101, 197 S. W. 19; *Cuzic* v. *State*, 152 Ark. 230, 237 S. W. 1094; *Stribling* v. *State*, 171 Ark. 184, 284 S. W. 38. The evidence showed that the body of the deceased was found in Poinsett County. Witnesses who lived at Marked Tree, which was about six miles from the county line of Poinsett County, testified that they heard the cries and moans of a woman near the bridge across St. Francis River on the night preceding the finding of the body. The evidence showed that the defendant had been traveling with the deceased in that part of the State in her Studebaker sedan; he was found with the car and arrested in the State of Arizona. The jury was fully warranted in finding under these circumstances that the crime was committed in Poinsett County, Arkansas, where the body was found, and that the defendant hid the body in the woods and left in the car of the deceased to conceal his guilty participation in the homicide.

It is next insisted that the court erred in refusing to give an instruction on the defense of alibi relied upon by the defendant, which was requested by his attorney. The court gave an instruction on the defense of an alibi in accordance with the well-established principles of law decided by this court in the following cases; *Hawthorne*

v. *State,* 135 Ark. 247, 204 S. W. 841; *Haskins* v. *State,* 148 Ark. 351, 230 S. W. 5; *Doyle* v. *State,* 166 Ark. 505, 266 S. W. 459. This court has uniformly and repeatedly. held that the trial court is not required to multiply instructions on the same point. We have carefully examined the record. It shows that the case was submitted to the jury on competent evidence and upon instructions which fully and fairly covered the respective theories of the State and of the defendant. The judgment will therefore be affirmed.