STATE OF MISSOURI, Respondent, v. J. L. FITZPORTER, Appellant.

November 25, 1884.

1. CRIMINAL LAW — NEW TRIAL — NEWLY DISCOVERED EVIDENCE. — In a criminal case, a motion for a new trial on the ground of newly discovered evidence, which evidence would not tend to show the innocence of the accused, is properly overruled.

2. —— VENUE — PRACTICE. — The venue being laid at St. Louis, proof that the offence was committed on a certain street well known to be a street in St. Louis, is sufficient to support a finding that the offence was committed at St. Louis.

3. —— In a criminal action for an attempt to commit an offence, the court will not, on appeal, reverse the judgment on the ground that the offence was actually committed, unless the evidence thereof is clear and unequivocal.

4. —— STIPULATION. — An appellate court will not enter judgment in a criminal case upon a stipulation not signed by the proper officer of the state.

APPEAL from the St. Louis Court of Criminal Correction, NOONAN, J.

*Affirmed.*

JAMES M. LORING, for the appellant.

J. R. CLAIBORNE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The defendant was indicted under section 1268, Revised Statutes, for using an instrument, the name of which was to the grand jurors unknown, upon the body of Annie Fanger, she being a pregnant woman, with intent to commit an abortion. He was found guilty, and his punishment was assessed at a fine of $500.

The testimony for the state tended to show that the defendant had, at the request of the prosecutrix, Annie Fanger, in consideration of divers sums of money by her paid to him, amounting to $95 in all, committed an abortion upon her by the use of a steel instrument. Testimony for the defendant tended to show that he had neither committed nor attempted to commit an abortion upon her, but that he had at her request treated her for a disease of the womb, and that the instruments which he had used upon her were not instruments which are used in committing abortions, but were instruments which are used in examining and treating women who are afflicted with disease of the womb. The defendant also introduced testimony tending to show that the prosecutrix had demanded of him the repayment of the money which she had paid him for thus treating her, claiming that his treatment had done her no good, and that, after the finding of this indictment, she had brought an action before a justice of the peace, alleging in her complaint that he had obtained this sum from her " by means of fraudulent representations and devices." At the trial the prosecutrix, testifying as a witness for the state, admitted that she could not say but that she was still *enceinte*. The trial took place less than three months after the alleged abortion.

1. One of the grounds on which a new trial was claimed was newly discovered evidence. In support of this ground of the motion for a new trial, the defendant introduced the affidavit of Harriet Jones, who testified that, on or about December 10 or 15, of 1883, the affiant had an inter-

view with the prosecutrix, in which the prosecutrix told affiant that she was not at all satisfied with what the defendant had done for her; that she had paid him a good sum of money, and that he had not done for her what he had agreed to do, but that she was still in a family way, and meant to have her revenge by prosecuting him criminally. Affiant stated that she had never seen the defendant until February 13, 1884, which was about a week after the trial, at which time she had informed him of this conversation with the prosecutrix. The affidavit was supported by that of the defendant, to the effect that Harriet Jones had for the first time informed him of this conversation with the prosecturix, on February 13, 1884; and, that it was not owing to a want of diligence on his part that the knowledge did not come to him sooner.

We are clear that these affidavits did not disclose ground for a new trial. The testimony of the absent witness for appellant would not probably have changed the result. It did not, to any degree, tend to show that the defendant was not guilty of the crime charged in the indictment, namely, an attempt to commit an abortion. It rather tended to show the reverse, namely, that he had made the attempt, had received money of the prosecutrix for making it, and had not been successful. Aside from this, it was merely cumulative, and its purpose was merely to impeach the prosecutrix as a witness by showing that she had made statements contradicting those which she had made upon the witness-stand. It is well settled that newly discovered evidence of this kind is not ground for a new trial. *The State* v. *Schumacher*, 12 Mo. App. 569.

2. The indictment charged that the offence was committed in the city of St. Louis. The testimony, as preserved in the bill of exceptions, speaks of the place where the offence was committed as the office of the defendant, on Seventh and Spruce streets, without mentioning the city of St. Louis. The learned judge, in his instructions to the

jury, omitted any distinct statement as to the venue.    We nevertheless think that we ought not to reverse the judgment because of this omission.    We may take judicial notice of the old and well established streets of the city of St. Louis, in which we hold our court.    We know as a fact that there is in this city a street called Spruce Street, and also a street called Seventh Street, and that these streets intersect each other.    The point described in the testimony is not far from the court-house where we sit, and not far from the court-house in which this trial took place.    It is manifest throughout the record that the witnesses, the court, the jury, and the counsel, understood that the place spoken of was within the city of St. Louis; and we will not, especially in a case of misdemeanor, where the punishment assessed is merely a pecuniary fine, so far strain a technical point as to reverse the judgment for an omission which manifestly worked no prejudice to the defendant. *The State* v. *Ruth*, No. 2560, Mo. App.

3. A reversal is claimed on the ground that the evidence aforesaid shows, if it shows anything at all, that an abortion was actually committed; and it is claimed that this brings the case within section 1646, Revised Statutes, which provides that " no person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offence, when it shall appear that the crime intended or offence attempted was perpetrated by such person at the time of such assault or in pursuance of such attempt."    Upon well settled principles, in order to justify us in reversing the judgment under this statute, it would be necessary that the evidence should show so clearly that the offence attempted had been consummated, as to leave no support for the verdict convicting the defendant of the attempt.    We do not see that the evidence in this case was of that clear and unequivocal character.    It is true that the prosecutrix and her mother both testified positively that an abortion had been committed; but the admission

of the former that she did not know but that she was still *enceinte*, and the evidence offered by the defendant to the effect that she had declared that he had done her no good, and that she was still in a family way, and that she had sued him for obtaining the money which she had paid to him, charging that he had obtained it by means of fraudulent representations and devices, left room for the jury to find, in conformity with what the indictment charged, that an attempt to commit an abortion had been made. It may be doubted whether section 1646, Revised Statutes, applies to an indictment to commit an abortion under section 1268; but upon this point we do not feel called upon for an opinion now.

4. A stipulation has been filed between a member of the bar professing to represent the state as associate with the prosecuting attorney of the court of criminal correction, and the defendant's counsel, to the effect that this court enter judgment reversing the judgment of the court of criminal correction and remanding the cause to that court, because of alleged newly discovered evidence. If this evidence were true, it would have no tendency to controvert the facts charged in the indictment, which the jury by their verdict have found to be true. But aside from this, we decline to enter judgment in conformity with the stipulation, because the stipulation is not signed by the proper officer of the state. Nor do we say that we should accede . to it if it were so signed; but, because it is not so signed, we shall not consider it at all; holding, as we do, that counsel retained by private prosecutors have no power to give the consent of the state to the reversal of a judgment which the state has obtained in a criminal prosecution.

The judgment is accordingly affirmed. All the judges concur.