44 | 429
64 | 414

THE STATE OF MISSOURI, Respondent, v. SAMUEL R. SNYDER, Appellant.

St. Louis Court of Appeals, April 7, 1891.

1. **Criminal Law**: EXPOSURE OF UNWHOLESOME FOOD FOR SALE. The exposure of unwholesome provisions for sale as food in open market is indictable at common law, and is, therefore, indictable in this state under Revised Statutes, 1879, sections 3117, 3118.

2. ———: VENUE: SUFFICIENCY OF EVIDENCE. The venue in a criminal prosecution can be proven by circumstantial evidence.

3. ———: EXPOSURE OF UNWHOLESOME FOOD FOR SALE. The exposure of unwholesome provisions for sale as food is not criminal, unless the person guilty thereof knew of the unwholesome character of the provisions.

4. ———: WAIVER OF OBJECTION BY REQUESTS FOR INSTRUCTIONS. If the evidence is insufficient to warrant the conviction of a defendant in a criminal prosecution, the defendant does not waive his right to complain thereof by asking instructions which submit to the jury, the issues, as to which the evidence is insufficient. The same rule is not applicable to criminal as to civil causes in that respect.

*Appeal from the Monroe Circuit Court.*—HON. THOMAS H. BACON, Judge.

REVERSED (*and prisoner discharged*).

*Bristow & Lighter* and *A. M. Alexander*, for appellant.

*J. H. Whitecotton*, for respondent.

ROMBAUER, P. J.—The defendant was indicted for selling, and exposing to sale, unwholesome meat. The indictment contained two counts. The first charged the defendant with the actual sale of the meat, but, as the court instructed the jury that there was no evidence to warrant a conviction on that count, its consideration is unnecessary. The second count charged the defendant with exposing for sale for human food, at a public market, a quantity of flesh meat, as and for sound and wholesome flesh meat fit for human food, when in truth and fact it was not so and the defendant knew it. There was a motion to quash this count of the indictment on the ground, that it charged no offense against the laws of the state of Missouri. This motion the court overruled, and properly so, because the exposure of unwholesome provisions for sale in open market as food was indictable at common law ( 1 Bishop, Crim. Law, sec. 491 ), and offenses at common law are indictable in this state and punishable by imprisonment not exceeding two months and fine not exceeding $100. R. S. 1879, secs. 3117, 3118.

The defendant was convicted and sentenced to pay a fine of $100. He assigns for error on this appeal that the evidence offered by the state was insufficient to warrant his conviction; that the court erred in admitting illegal evidence against him, and that it misdirected the jury.

In support of the first assignment the defendant first claims that the venue was not proven. There was no direct evidence that the alleged offense was committed in Monroe county, but there was ample circumstantial evidence to enable the jury to arrive at that conclusion, and that is sufficient. *State v. Chamberlain*, 89 Mo.

129, and cases cited.   As to the main facts of the offense there was no evidence to show any knowledge on part of defendant that the slaughtered animal was diseased. It was shown that the steer, whose flesh was exposed for sale, suffered from big-jaw, or cancer jaw, but there was no evidence that the defendant knew that fact, or that he ever saw the steer, nor any evidence that rendered the meat which was exposed for sale unwholesome or unfit for human food.   It was shown, by a concurrence of all the evidence, that the defendant had paid a fair market price for the steer when he bought it; that the steer was in a very good condition as to flesh, and that the appearance of the flesh when exposed to sale was sound and wholesome.   While we think that, in cases where the health of the public is to be protected, courts should not vacate verdicts for trivial causes, yet there must be substantial evidence of inculpatory facts to sustain a conviction in every criminal case.   The statute ( R. S. 1879, sec. 1597 ) makes knowledge an essential ingredient of the offense, even in case of an actual sale; hence it is necessarily an essential ingredient of a criminal exposure to sale, and the court so charged the jury.

The state contends that the defendant is not in a position to raise this question, because his own instructions submitted to the jury the character of the meat and his knowledge of its condition.   The defendant first demurred to the evidence, and, his demurrer being overruled, he asked two instructions telling the jury that, to warrant his conviction, they must find that the animal was diseased, that its flesh was unwholesome for human food, and that the defendant knew of its diseased condition.   The rule, which permits slight evidence against a party to be eked out by admissions contained in his instructions, has no application to criminal cases where it is the duty of the court to charge the jury, nor can we see how these instructions contain any admissions on part of the defendant except that

he did expose the flesh of a steer for sale which had a bump or enlargement on one of its jaws.

If there was no evidence of knowledge to warrant a conviction, the defendant's instructions could not supply such evidence. We find there was no evidence of knowledge, and, deeming knowledge an essential ingredient of the offense, we must reverse the judgment.

Judgment reversed and prisoner discharged. All the judges concur.