STATE OF MISSOURI, Respondent, v. DAVID ROACH,
Appellant.

St. Louis Court of Appeals, January 7, 1896.

1. **Criminal Law**: PROOF OF VENUE: SUFFICIENCY OF EVIDENCE.
There must, in a criminal prosecution, be proof of the venue of the
alleged crime; such proof, however, need not be made by positive
evidence, but may be inferential. And *held*, that the evidence
thereof in this cause was sufficient.

2. ————: ASSAULT AND BATTERY BY POLICEMAN OF PARTY RESISTING
ARREST: EVIDENCE OF REPUTATION OF LATTER FOR VIOLENCE. A
policeman prosecuted for criminal assault and battery justified on the
ground that the person assaulted, and others congregated with him,
had been guilty of a breach of the peace, and that the battery was
committed by him in the course of a consequent attempt to arrest
this person, which was resisted. *Held*, that evidence of the rep-
utation of this person and of those congregated with him as dangerous
and violent characters was relevant, but that the opinion of a witness
on the subject was not competent until a proper foundation by proof
of his knowledge of such reputation had first been laid.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

AFFIRMED.

 *Charles M. Napton* for appellant.

 *Thomas E. Mulvihill*, prosecuting attorney, and
*Martin & Bass* for respondent.

 BIGGS, J.—The defendant was charged and con-
victed of an assault and battery, and his punishment
assessed at a fine of $50 and imprisonment in the
county jail for thirty days. He has appealed the case
to this court, and complains of the action of the trial
court in rejecting evidence offered by him, and that the
evidence is not sufficient to sustain the judgment.

The information charges that the offense was committed in the city of St. Louis, but no witness testified to that fact. In this it is claimed that the evidence is deficient. It is true that there is no positive evidence of venue, but that may be established by circumstantial evidence. *State v. Snyder*, 44 Mo. App. 429. In describing the offense and the occurrences immediately preceding and following it, all of the witnesses speak of O'Fallon and Hogan streets, and the corner of Division and Eighteenth streets. In *State v. Fitzporter*, 16 Mo. App. 282, the venue was laid in the indictment at St. Louis. The conviction was sustained upon evidence showing that the offense was committed on a street bearing the name of a well known street in St. Louis. The case of *State v. Ruth*, 14 Mo. App. 226, is similar as to its facts, and the ruling was the same. So, in the case of *State v. Burns*, 48 Mo. 438, the witnesses spoke of the murder occurring on Mullanphy street, but none of them expressly stated that Mullanphy street was in the city or county of St. Louis. The indictment charged that the killing took place in St. Louis county, and that fact seemed to have been tacitly conceded at the trial. It was held that venue or jurisdiction was always a question of fact, and that, when the evidence raised a violent presumption that the offense was committed as charged, the judgment would not be disturbed. Now, there are streets in St. Louis bearing the names of O'Fallon, Hogan and Division, and there is an Eighteenth street which intersects Division street. The evidence tends to show that the assault was committed on the corner of Division and Eighteenth streets, and during the trial it was seemingly or tacitly conceded that these streets were in the city of St. Louis, and that the defendant was a member of the police force of the city. These facts,

we think, bring the case clearly within the rule announced in *State v. Burns*, *supra*. The assignment will, therefore, be overruled.

The evidence for the state tended to prove that the defendant was a policeman, and that at the time charged in the information he, without a just cause, assaulted and beat Frank Kilcullin, the prosecuting witness. The defendant admitted the battery, but attempted to justify his action on the ground that Kilcullin was at the time guilty of a breach of the peace, that he attempted to arrest him therefor, and that he resisted arrest, whereupon defendant struck him with a "billy." The evidence for the defense was to the effect that just prior to the difficulty, which occurred about midnight, Kilcullin and five or six companions were under the influence of liquor, and were creating a disturbance at the corner of Division and Eighteenth streets by kicking against the doors of a saloon and by discharging firearms; that the defendant came up and ordered the crowd to go home, when Kilcullin answered that he would go when he got ready, and that he struck the defendant with his fist when the latter undertook to put him under arrest, and that thereupon the defendant struck him as alleged. After the defendant had testified to the foregoing facts, the following questions were asked him, which the court refused to allow him to answer, to which the defendant excepted and still excepts:

*Q.* "What was the character of that gang with Kilcullin there that night?"

*Q.* "Is not that corner, where the trouble occurred, frequented by rough characters, and is not the neighborhood there a very bad one?"

*Q.* "Have you not warned that gang of boys, with whom Kilcullin was with that night, away from that corner, and warned them from assembling there?"

Evidence that Kilcullin and his associates were reputed to be dangerous and violent characters would have been pertinent to the issue, in that it would have tended to prove that Kilcullin was a person who would likely resist arrest, and that the defendant's action was not knowingly wrongful, nor contrary to his honest convictions in respect of his duty. *Schoettgen v. Wilson*, 48 Mo. 253; *Reed v. Conway*, 20 Mo. 22; *State v. McNally*, 87 Mo. 644; *Jenkins v. Waldron*, 11 John. 114. The first question suggests an effort to prove the reputations of Kilcullin and his associates for something; but for what? It might have been for sobriety or industry, which would have been totally irrelevant; therefore, the question was too vague, and the action of the court could be justified on that ground alone. The objection back of this is that no foundation was laid for the question,—that is, knowledge of the witness of the subject was not shown. The answer to the question involved knowledge by the witness of the reputations of the parties, and, until he answered categorically that he possessed such knowledge, he was not qualified to speak on the subject. This rule is technical; but it is universally enforced. These objections are equally applicable to the second question. The question was: "Is not that corner, where the trouble occurred, frequented by *rough characters*, and is not the neighborhood there a very bad one." It may have been competent to show, by way of justification, or for the purpose of rightly judging the defendant's act, that persons of violent and dangerous dispositions were in the habit of congregating in that locality, but men who have rough ways or habits are not necessarily dangerous characters. There was a failure, likewise, to lay the proper foundation for the question. The last question could not possibly have any bearing on the issue. The fact that the defendant had frequently ordered

Kilcullin and his comrades away from the corner had no tendency to prove that they were violent persons, or that they were persons who would likely resist arrest.

Finding no error in the record, the judgment of the court of criminal correction will be affirmed. All concur.