## STATE OF MISSOURI, Respondent, v. HOGAN, Appellant.

### St. Louis Court of Appeals, March 5, 1907.

**PRACTICE IN CRIMINAL CASES: Venue.** In the prosecution of a physician for a crime alleged to have been committed in the city of St. Louis, where the testimony of the prosecuting witness showed the crime was committed at defendant's office on Olive street, without stating the city, Olive street being a well known thoroughfare in the city of St. Louis, and when other circumstances tended to show the offense was committed in that city, this was sufficient to warrant a finding that St. Louis was the venue of the offense.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Hiram N. Moore,* Judge.

AFFIRMED.

*John T. Murphy* and *Thomas P. Bashaw* for appellant.

*J. D. Dalton* for respondent.

GOODE, J.—The defendant in this case was informed against by the prosecuting attorney for attempting to cause a pregnant woman to miscarry. Having been arraigned, he plead not guilty and a trial ensued before the judge of the St. Louis Court of Criminal Correction. The defendant was found guilty, and from the sentence imposed, the present appeal was prosecuted.

The first assignment of error is that no proof was made of the venue of the offense. The prosecuting witness swore she visited the defendant at his office at 2215 Olive street, not stating the city. Said witness related the circumstances of the crime as having occurred at that house. Olive street is one of the most important thoroughfares in the city of St. Louis, and is

a well-known street in said city. The defendant, when asked if he did not advertise in the St. Louis papers that he would perform abortions in St. Louis, denied so advertising, saying no such advertisement would be received by the papers, but that he did advertise to treat the diseases of women and take women for confinements in his house at 2215 Olive street. Other circumstances and testimony tended to show the offense, if committed at all, occurred in St. Louis; and there can be no doubt, in the light of the decisions on this question, that sufficient evidence was put in to warrant a finding by the court, sitting as a jury, that St. Louis was the venue of the offense. The question has been often adjudicated and the following cases are directly in point. [State v. Rutch, 14 Mo. App. 226; State v. Fitzporter, 16 Mo. App. 282; State v. Roach, 64 Mo. App. 414.]

Defendant's counsel challenge the sufficiency of the evidence to warrant a conviction. To sustain this contention, we would have to wholly ignore the testimony of the prosecuting witness and other items of evidence. Not only her testimony, but some circumstances in proof, tended to show the defendant was guilty and are sufficient to support the verdict. We will not recite the testimony, which is of a disgusting nature, but content ourselves with saying that there was abundant evidence of a substantial character to prove defendant's guilt, precluding us from interfering with the finding of the court below. [State v. Huff, 164 Mo. 480, 65 S. W. 256.]

The judgment is affirmed. All concur.