LAUGHTER & FISHER v. McLAIN, Fire and Police Com'r, et al.

(District Court, W. D. Tennessee, W. D.    January 22, 1916.)

No. 714.

1. EVIDENCE ☞29—JUDICIAL NOTICE—STATUTES.

The United States District Court for the Western District of Tennessee takes judicial notice of the laws of Tennessee establishing public schools.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 36, 37, 39, 43–46, 48; Dec. Dig. ☞29.]

2. EVIDENCE ☞10—JUDICIAL NOTICE—GEOGRAPHICAL FACTS.

The court will take judicial notice that there are several schoolhouses, both public and private, wherein school is kept, within four miles of a particular place of business in the city of Memphis.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 9–14; Dec. Dig. ☞10.]

3. COMMERCE ☞8—INTERSTATE COMMERCE—OPERATION OF STATE LAWS.

The Wilson Law (Act Aug. 8, 1890, c. 728, 26 Stat. 313 [Comp. St. 1913, § 8738]) provides that intoxicating liquors transported into any state, or remaining therein for use, consumption, sale, or storage therein, shall upon arrival therein be subject to the operation and effect of the laws of the state enacted in the exercise of its police powers, to the same extent as though such liquors had been produced in such state. The Webb-Kenyon Act (Act March 1, 1913, c. 90, 37 Stat. 699 [Comp. St. 1913, § 8739]), entitled "An act divesting intoxicating liquors of their interstate character in certain cases," prohibits the shipment or transportation of intoxicating liquors from one state or territory to another state or territory which are intended by any person interested therein to be received, possessed, sold, or used in violation of any law of such state or territory. Acts Tenn. 1909, c. 1, § 1, makes it unlawful to sell intoxicat-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing liquors as a beverage within four miles of any schoolhouse where school is kept. Plaintiff was receiving intoxicating liquors from other states at its place of business in Memphis, and reselling them at such place of business to purchasers residing in other states directly or by mail, telegraph, or telephone. *Held*, that this business was not protected by the federal Constitution or laws relating to interstate commerce, but was subject to the laws of the state enacted in the exercise of its police powers, as though Congress had never been granted or exercised the power to regulate interstate commerce.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. ☞8.]

In Equity. Suit by Laughter & Fisher against W. T. McLain, Fire & Police Commissioner of the City of Memphis, and another. Stay vacated, and temporary injunction denied.

Frank S. Elgin and A. B. Galloway, both of Memphis, Tenn., for plaintiffs.

Chas. M. Bryan, of Memphis, Tenn., for defendants.

McCALL, District Judge. This case is before me upon the original and amended bills, filed by Laughter & Fisher against W. T. McLain, fire and police commissioner, and O. H. Perry, chief of police, of the city of Memphis, Tenn., and the answer to the bill. The relief prayed for is that an injunction issue, restraining the defendants from interfering with or obstructing the interstate shipping business of the petitioners, and from in any other way or manner interfering, molesting, or otherwise disturbing the petitioners in the conduct of their business, and for general relief.

It appears from the bill that the plaintiffs have procured from the government the proper internal revenue tax stamps, as required by law, as wholesale and retail liquor dealers, doing business at No. 520 South Main street, Memphis, Tenn., and are engaged in the interstate shipment of intoxicating liquors, and that they have complied with all the regulations and requirements of the United States, especially in reference to the interstate sale and shipment of liquors, that their business is exclusively interstate commerce, and that they are not engaged in the sale, or offering for sale, liquors or intoxicating beverages within the city of Memphis, state of Tennessee.

Notwithstanding these facts, it is alleged that the defendants, as officers of the city of Memphis, have forcibly and without authority closed and fastened the doors of the plaintiff's place of business, and have refused to allow said doors to be opened, or for plaintiffs to remain in their place of business, or in any way or manner operate any kind or character of business, in connection with their interstate shipment of liquors.

The answer of the defendants denies that they have attempted to interfere with the plaintiffs, in carrying on business in interstate commerce, and deny that the plaintiff is so solely engaged. Section 1, chapter 1, Acts of the Legislature of Tennessee of 1909, provides:

"That it shall not hereafter be lawful for any person to sell or tipple * * * intoxicating liquors, including wine, ale, and beer, as a beverage, within four miles of any schoolhouse, public or private, where a school is kept, whether the school be then in session or not, in this state, and that any

one violating the provisions of this act shall be guilty of a misdemeanor, and, upon conviction, shall be punished by a fine for each offense of not less than fifty dollars nor more than five hundred dollars and imprisonment for a period of not less than thirty days nor more than six months."

[1, 2] The court takes judicial notice of the laws of Tennessee, establishing public schools, and also of the fact that within four miles of the plaintiff's place of business at No. 520 South Main street in Memphis, there are several schoolhouses, both public and private, wherein schools are kept. Hence it follows that if the plaintiffs are selling, and conducting the business of dealing in, intoxicating liquors at their said place of business, they are doing so in violation of the law of Tennessee, and are subject to the penalty of that law, unless they are protected therefrom by virtue of the interstate commerce clause of the federal Constitution.

[3] This bill is filed upon the theory that the plaintiffs, being engaged in interstate commerce, are entitled to the protection guaranteed to them under article 1, section 8, clause 3, of the Constitution of the United States, and the acts of Congress pursuant thereto, it being alleged in the bill that they sell only in interstate commerce and in the original package, and to support this contention, reliance is had on Leisy v. Hardin, 135 U. S. 100, 10 Sup. Ct. 681, 34 L. Ed. 128, and subsequent holdings of the Supreme Court of the United States, in line therewith.

Assuming that plaintiff's contention would be sound, nothing else appearing, we are confronted with the Act of Congress of March 1, 1913, chapter 90, volume 37, Statutes at Large, part 1, page 699, known as the Webb-Kenyon Act, and entitled "An act divesting intoxicating liquors of their interstate character, in certain cases." It is therein provided that the shipment or transportation, in any manner or by any means whatsoever, of any spirituous, vinous, malted, fermented, or other intoxicating liquors of any kind, from one state, territory, etc., into another state, territory, etc., which said spirituous, vinous, malted, fermented, or other liquors is intended, by any person interested therein, to be received, possessed, sold, or in any manner used, either in the original package or otherwise, in violation of any law of such state, or territory, etc., is prohibited.

Conceding that prior to this act intoxicating liquors could be shipped into Tennessee, and here resold in interstate commerce, under the commerce clause of the Constitution, and the rulings made thereunder, by the Supreme Court of the United States, the question arises, can such business be legally conducted, in a state wherein it is a violation of law to sell the articles of commerce mentioned in the Webb-Kenyon Act, the purpose of the said act, as stated in the caption being, "An act divesting intoxicating liquors of their interstate character in certain cases."

The cases mentioned in the act, wherein intoxicating liquors are divested of their interstate character, is shipping it into a state wherein it is a violation of the law of such state to receive, possess, sell, or in any manner use said articles.

We have seen that the plaintiffs state in their bills that they re-

ceived intoxicating liquors, for the purpose of reselling them in inter-state commerce, but if such intoxicating liquors have been divested of their interstate character, by the Webb-Kenyon Act, how is it possible for the plaintiffs to successfully invoke the protection of the interstate commerce clause of the Constitution?

In the Act of Congress of August 8, 1890, chapter 728, 26 Statutes at Large, 313, known as the Wilson Law, it is provided:

"That all fermented, distilled, or other intoxicating liquors or liquids transported into any state or territory, or remaining therein for use, consumption, sale or storage therein, shall upon arrival in such state or territory be subject to the operation and effect of the laws of such state or territory enacted in the exercise of its police powers, to the same extent and in the same manner as though such liquids or liquors had been produced in such state or territory, and shall not be exempt therefrom by reason of being introduced therein in original packages or otherwise."

Thus it appears from the Webb-Kenyon Act, supra, that intoxicating liquors are divested of their interstate character, if it be intended to use them in any manner in violation of any law of the state, and the shipment of articles mentioned therein into Tennessee with such intent, is prohibited. From the Wilson Law, it appears that when such articles are shipped into Tennessee, they are subject to the protection and effect of the laws of Tennessee. In re Rahrer, 140 U. S. 545, 11 Sup. Ct. 865, 35 L. Ed. 572. Hence we conclude that the stock of intoxicating liquors in the place of business of the plaintiffs in Memphis, Tenn., was divested of its interstate character when shipped into Tennessee in violation of law, and it was here subject to be dealt with under the laws of the state enacted in the exercise of its police powers, with the same force and effect as though the power to regulate commerce among the several states had never been granted to Congress, or as though Congress had never undertaken to regulate commerce among the states by legislation.

From this it would seem to follow that intoxicating liquors originating outside of this state, and placed in interstate shipment, destined to a point within this state, are subject to the laws of Tennessee from the time they cross the state line hitherward, until they shall have been transported outside the boundaries of the state, provided such intoxicating liquors are destined to a point in Tennessee, with the intention of any person interested therein that they were to be received, possessed, sold, or used in any manner in violation of the laws of Tennessee. State of West Virginia v. Adams Express Company, 219 Fed. 794, 135 C. C. A. 464, and cases there cited. Adams Express Co. v. Kentucky, 238 U. S. 190, 35 Sup. Ct. 824, 59 L. Ed. 1267, Ann. Cas. 1915D, 1167, decided Jan. 14, 1915.

Since it clearly appears that the plaintiffs had received and possessed intoxicating liquors in Memphis, and were not only offering but were engaged in selling them at their place of business, to purchasers residing in other states, directly, or by money orders received through the mails, or by telegraph or telephone orders, we are of the opinion, for the reasons stated, that they are not protected by the federal Constitution, and laws of Congress relating to interstate commerce.

It was insisted for the plaintiffs that the character of sales made by

them is ruled by the case of State v. Kelly, 123 Tenn. 560, 133 S. W. 1011, 36 L. R. A. (N. S.) 171, and this insistence seemed to have been acquiesced in by counsel for the defendants. In that case the court held that although the sale of intoxicating liquors was made by Kelly at Chattanooga, Tenn., to certain New York purchasers, it was made upon an order received by him through the United States mails, and hence was a sale in interstate commerce, for making which, therefore, Kelly was not amenable to the laws of Tennessee. It is only necessary to say that the Kelly Case was decided more than two years prior to the passage of the Webb-Kenyon Act, and at a time, therefore, when intoxicating liquors in Tennessee possessed all the attributes of an article of interstate commerce.

There being no federal question involved, and it appearing that plaintiffs and defendants are all citizens of Tennessee, this court is without jurisdiction to grant the injunctive relief prayed for.

An order will be entered vacating the stay order heretofore made and denying the temporary injunction prayed for.