VERLYN COLLINS, an infant, by ETHELRINE GRIGG COLLINS, her next friend, Appellant, v. JOHN S. LEAHY.—146 S. W. (2d) 609.

Division One, January 4, 1941.

134

*Everett Hullverson* for appellant.

*Wm. O'Herin* and *Leahy, Walther & Hecker* for respondent.

BRADLEY, C.—Action for $20,000 for personal injuries resulting to plaintiff by being struck in St. Louis, by defendant's automobile, driven at the time by Ernest Compton, his colored chauffeur. At the close of plaintiff's case a peremptory direction was given to find for defendant, and plaintiff thereupon took an involuntary nonsuit with leave to move to set aside. Thereafter, plaintiff's motion to set aside was overruled, and she appealed. This is the third time for this cause to be in an appellate court. [See Collins v. Leahy (Mo. App.), 102 S. W. (2d) 801, and Collins v. Leahy, 344 Mo. 250, 125 S. W. (2d) 874.] After the judgment in favor of plaintiff was reversed and the cause remanded by this court, Compton was made a party defendant, but dismissal was made as to him before the cause was again tried.

The peremptory direction to find for defendant was based on the theory, as we understand, that plaintiff did not make a submissible issue on the question as to whether Compton was on a mission for defendant at the time plaintiff was struck.

The negligence alleged, in an amended petition, was excessive speed, negligent failure to warn, to slow down, or stop or swerve, or to keep proper watch ahead and to the side, failure to drive as near as practicable to the right hand curb, and the humanitarian doctrine. Defendant answered by a general denial, and a plea of contributory negligence.

Plaintiff's case is bottomed on the contention that, at the time of her injury, Compton was on his way to Chaminade College, in St. Louis County, to get defendant's son who was a student at this college. The evidence was considered at length on the first appeal to this court, and the following language used (125 S. W. (2d) l. c. 882-3): ''Upon examination of the map (of Greater St. Louis) it is well nigh inconceivable, or at least difficult of ready explanation, how Compton could, at the time the automobile struck plaintiff, have been en route to Chaminade College. . . . Enough is shown, we think, to indicate a reasonable probability that plaintiff can adduce other and further evidence, not in the record of this trial, bearing upon the essential elements of his cause of action. Whether a full presentation of the available evidence, on a retrial, would make out a submissible case we cannot of course now determine.''

In the brief plaintiff says that the trial court ''could only have arrived at its decision (giving the peremptory direction) by completely disregarding all of the plaintiff's evidence and speculating as to what the defendant's evidence might be in order to sustain the

demurrer as the trial court did. . . . This statement (about the map) in the Supreme Court opinion is evidently the framework upon which the trial court below based its ruling in sustaining the demurrer to the evidence at the close of plaintiff's case. In the trial of this case (the last trial) there had not yet been introduced any map in evidence which purported to show any route, direct or otherwise, to Chaminade College, but the court in this third trial held that there was not yet enough evidence to submit to the jury.''

Compton was not present at the last trial, but his evidence was read from a deposition taken by plaintiff prior to the first trial, from the bill of exceptions and the abstract of the record of the first trial. Defendant contends that a proper showing was not made, under Secs. 1714, 1780, R. S. 1929, Mo. Stat. Ann., pp. 3988, 4037, to authorize the admission in evidence of Compton's evidence from the sources stated. Without going into detail, it is sufficient to say that we think a sufficient showing was made. From the sources stated, Compton's evidence, pertinent on the question as to whether he was on a mission for defendant at time of plaintiff's injury,. may be stated, in the composite, as follows: ''My name is Ernest Compton. At the time of plaintiff's injury I resided at 1225a North Vandeventer, St. Louis, and at that time I was chauffeur for Mr. Leahy, who lives at 4944 Lindell Boulevard, St. Louis. I had been his chauffeur for a year immediately prior to plaintiff's injury. It was Mr. Leahy's car that struck plaintiff and I was driving it at the time. The accident happened in the 3700 block on Finney Avenue at about 2 o'clock in the afternoon. I had gone from defendant's house to the General Tire Company on Channing and Washington Avenue, to get two tire covers (for whom is not shown). From the General Tire Company I headed west to Chaminade College, out on Denny road, in St. Louis County, *to get Mr. Leahy's son. That is where I was going when this accident happened.* In going from the General Tire Company, I drove west on Washington Avenue, north on Grand Avenue, and turned west on Finney. *I was not permitted to use the car for my own purposes.* Mr. and Mrs. Leahy were out of town, *but it was my duty to obey the nurse* (in defendant's home) *and she told me to go after the son*'' (italics ours).

The trial court also had before it the evidence of plaintiff's witness, Earle Kleinecke, who testified, among other things, that he was driving his car west on Finney, and that Compton passed him a short distance east of the point where plaintiff was injured; that at that time there were two negro women in the seat with Compton and that he saw Compton kissing one of these women. Compton denied that any one was in the car with him when plaintiff was struck. He testified that he stopped the car in about fifty feet after plaintiff was struck; that he got out, went back, picked her up and car-

ried her to the car, and that when he got back to the car two negro women "were standing there," and that he "got those two women to get in there (rear seat of car) and hold her until . I got to the hospital."

The map was not in evidence at the last trial, and plaintiff contends that the trial court could not, and that we cannot consider it in determining where Compton was, with reference to defendant's home and Chaminade College, at the time of plaintiff's injury. On the other hand, defendant contends that since the map was a part of the record of the prior appeal to this court it may be properly considered, although not introduced at the trial from which comes the present appeal. Defendant's contention is based on the rule that we will take judicial notice of our own records.

If we may properly consider this map, we ascertain that Chaminade College is about six miles west of defendant's home; that the General Tire Company, where Compton first went, after leaving defendant's home, is twelve blocks east and two blocks north of defendant's home; that the place of plaintiff's injury is about ten blocks east and four or five blocks north of defendant's home, and about six miles plus ten blocks east and four or five blocks north of Chaminade College, and about two and a half blocks from Compton's home.

Defendant further contends that, even though we cannot properly consider the map, we, nevertheless, can and should take judicial notice of the location of the streets concerned and their relation to each other and the direction in which they run, and the location of Chaminade College, citing Stealey v. Kansas City, 179 Mo. 400, l. c. 407, 78 S. W. 599; State v. Ruth, 14 Mo. App. 226; State v. Fitzporter, 16 Mo. App. 282; State v. Roach, 64 Mo. App. 413; Laughter & Fisher v. McLain, 229 Fed. 280, and cases from other jurisdictions.

If the map, Compton's movements prior to plaintiff's injury, and his statement that he was on his way to get defendant's son, and what he said about the nurse be eliminated, plaintiff made a prima facie case, and this because on a showing that Compton was defendant's regularly employed chauffeur, and that he was driving defendant's car at the time plaintiff was struck raised the presumption that Compton was, at the time, within the course of his employment, that is, was on a mission for defendant. [Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 854; State ex rel. Steinbruegge v. Hostetter et al., 342 Mo. 341, 115 S. W. (2d) 802; Ross v. St. Louis Dairy Co., 339 Mo. 982, 98 S. W. (2d) 717, l. c. 721.] But if we may judicially know what the map shows as to the location of defendant's home, the streets concerned, etc., because the map is a part of the record in the prior appeal to this court, or if we may judicially know the relative location of defendant's home, the streets concerned, and Chaminade College, independent of the map, as defendant contends, the presumption would be destroyed and nothing would be left to

support submission on the issue of Compton being, at the time, on a mission for defendant, as we held on the prior appeal, unless it be Compton's conclusions italicized, supra. We have omitted from Compton's evidence one conclusion because properly excluded by the court. In some situations a conclusion may be considered (City of St. Louis v. McCully Const. Co. (Mo. App.), 184 S. W. 939, 1. c. 942, and cases there cited), but we find no case where such conclusions as here have been considered of any probative value.

The map is a part of the record of the prior appeal to this court and is therefore a part of our own records, and of it we take judicial notice (W. A. Ross Construction Co. v. Chiles et al., 344 Mo. 1084, 130 S. W. (2d) 524, 1. c. 526, and cases there cited), and in addition to this, the cause was remanded, as appears from our prior opinion, to give plaintiff an opportunity to strengthen her case, if she could, on the issue of whether or not Compton, at the time of plaintiff's injury, was on a mission for defendant, and this she did not do. It will not be necessary to determine whether we can take judicial notice of the streets, etc., as defendant contends.

The judgment of dismissal, entered after overruling the motion to set aside the involuntary nonsuit, should be affirmed and it is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.

### ON MOTION FOR REHEARING.

BRADLEY, C.—In the opinion we stated that the cause, on first appeal here, was remanded "to give plaintiff an opportunity to strenthen her case, if she could, on the issue of whether or not Compton, at the time of plaintiff's injury, was on a mission for defendant, and (this she did not do." In the prior opinion (125 S. W. (2d) 1. c. 883) we stated that enough was shown to indicate a reasonable probability that plaintiff could produce sufficient evidence to make a submissible case on the question mentioned, and such was the sole reason for remanding the cause. The chapter could have been closed then, but, in the interest of justice, the cause was remanded to give plaintiff a chance to make out her case if she could. Counsel, however, made no effort to strengthen the case on the mission issue, and the trial court, in view of the whole situation, was justified in giving the peremptory direction.

The motion for rehearing should be and the same is overruled. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.